- 1 -

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WORLD FUEL SERVICES SINGAPORE PTE. LTD.** | **CIVIL ACTION NO.: 25-2229** |
| **VS** | **JUDGE PAPILLION** |
| **M/V ATMOSPHERE,** *IN REM* | **MAGISTRATE DOSSIER** |

### ANSWER TO VERIFIED COMPLAINT AND COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, comes Claimant, Pegasus Bulkers, Inc. ("Claimant"), appearing specially and restrictively pursuant to Supplemental Admiralty Rule E(8), with full reservation of rights, to Answer the Verified Complaint of Plaintiff, World Fuel Services Singapore Pte. Ltd. ("WFS") as follows:

### FIRST DEFENSE

Claimant reiterates that it is appearing herein solely for the purpose of making a restricted appearance as permitted by Rule E(8). By appearing, Claimant does not waive, and expressly preserves, all objections to *in personam* jurisdiction.

### SECOND DEFENSE

The Verified Complaint fails to state a claim or cause of action upon which relief may be granted.

### THIRD DEFENSE

The Court lacks jurisdiction over the person of the Claimant and, to the extent that Plaintiff asserts *in personam* jurisdiction over Claimant, Claimant asserts the defenses of insufficient process and lack of service of process.[1]

---

[1] For the avoidance of doubt, Claimant does *not* assert any improper service defense with respect to the *in rem* claim against the Vessel.

**FOURTH DEFENSE**

Venue in this court is improper and/or the case should be dismissed on the basis of the doctrine of *forum non conveniens*; alternatively, the case should be transferred (and/or stayed) in favor of a more appropriate forum.

**FIFTH DEFENSE**

Plaintiff has failed to join a necessary party required under F.R.C.P. Rule 19.

**SIXTH DEFENSE**

Plaintiff was fully and properly advised, and had actual knowledge, that the charterer of the vessel did not have authority to incur liens on the vessel. Accordingly, Plaintiff has no claim or cause of action for the maritime lien it asserted against the M/V ATMOSPHERE.

**SEVENTH DEFENSE**

The claims asserted in the Complaint have prescribed or became time-barred under the applicable statute of limitations and/or under the admiralty doctrine of laches.

**EIGHTH DEFENSE**

Plaintiff is equitably estopped from bringing this claim given its actual knowledge that its customer had no authority to incur liens on the M/V ATMOSPHERE.

**NINTH DEFENSE**

Claimant/Defendant reserves the right to assert all affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure which are supported by the facts of this case and/or which are found applicable after discovery (including but not limited to arbitration).

**TENTH DEFENSE**

NOW, claimant responds to the numbered paragraphs of the Verified Complaint as follows:

## JURISDICTION

1.

No answer is required to the allegations of this paragraph, which states or attempts to state conclusions of law and/or jurisdiction; however, to the extent answer may be deemed necessary, claimant admits that subject matter jurisdiction exists pursuant to 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure. However, Claimant denies that the Commercial Instruments and Maritime Lien Act ("CIMLA") 46 U.S.C. §§31301-31343 and Rule C apply to Plaintiff's claim.

2.

Denied.

## PARTIES

3.

Denied for lack of sufficient information to justify belief therein.

4.

Denied except to admit the defendant vessel is a bulk carrier sailing under the flag of the Republic of the Marshall Islands.

## FACTS

5.

Denied for lack of sufficient information to justify belief therein.

6.

Denied for lack of sufficient information to justify belief therein.

7.

Denied for lack of sufficient information to justify belief therein.

8.

Denied for lack of sufficient information to justify belief therein. Further, answering, Plaintiff's unilateral assertions cannot overcome its actual knowledge that its customer, the vessel charterer, lacked authority to incur or create maritime liens on the vessel.

9.

Denied for lack of sufficient information to justify belief therein. However, further answering, Claimant is not a party to the agreements alleged in this paragraph and, therefore, is not bound by them.

10.

Denied for lack of sufficient information to justify belief therein. Further answering, if this communication occurred as alleged, this communication occurred before the supply of the bunkers to the vessel and placed Plaintiff on actual notice that the vessel charterer lacked the authority to create liens on the vessel.

11.

Denied for lack of sufficient information to justify belief therein. Further answering, if this communication occurred as alleged, it placed Plaintiff on actual notice that the charterer lacked the authority to bind the vessel.

12.

Denied for lack of sufficient information to justify belief therein. However, Claimant is not a party to these alleged agreements and they do not bind Claimant or the vessel.

13.

Denied for lack of sufficient information to justify belief therein. Further answering, if this communication occurred as alleged, this email has no effect given Plaintiff's admitted actual knowledge that its customer had no authority to incur liens on the vessel.

14.

Denied for lack of sufficient information to justify belief therein.

15.

Denied for lack of sufficient information to justify belief therein.

16.

Denied and/or denied for lack of sufficient information to justify belief therein pending discovery.

17.

Denied for lack of sufficient information to justify belief therein.

18.

Denied for lack of sufficient information to justify belief therein.

19.

Denied as written.  Claimant does not have sufficient information on which to admit or deny that the General Terms and Conditions referenced in this paragraph and purportedly attached to the Complaint are authentic.  Moreover, to the extent that the referenced terms exist, they constitute the terms of a contract to which Claimant is not a party and are not enforceable in this *in rem* proceeding.

20.

Denied that such expenses are recoverable *in rem*.

21.

Denied that such expenses are recoverable *in rem*.

22.

Denied.

23.

Denied. Moreover, Plaintiff had actual knowledge that its customer (Victory Shipping) did not have authority to create liens on the vessel.

24.

Denied. The relevant charter party contains a no lien clause, but the existence of such a contractual provision is irrelevant because Plaintiff received actual notice that the charterer lacked the authority to bind the vessel.

25.

Denied. The April 17, 2025, communication was amply sufficient to overcome any presumption of charterers' purported authority to bind the vessel to a maritime lien.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

### ELEVENTH DEFENSE

Claimant reserves the right to allege any defense or affirmative defense under Rules 8 and 12 of the Federal Rules of Civil Procedure which may be or may become applicable to the facts

hereto, including but not limited to arbitration and award, estoppel, failure of consideration, fraud, illegality, laches, payment, release, statute of frauds, statute of limitations and waiver.

## TWELFTH DEFENSE

Claimant specifically reserves the right to allege and prove that the General Maritime Law of the United States does not apply to Plaintiff's claim.

## THIRTEENTH DEFENSE

Claimant specifically reserves its rights to amend this Answer to file supplemental and amended pleadings alleging such other and further defenses as required by new evidence and/or discovery.

## COUNTERCLAIM

NOW, assuming the status of counterclaimant, Pegasus Bulkers, Inc., without waiving, and expressly preserving, its restricted appearance under Supplemental Admiralty Rule E(8), avers as follows:

1.

This counterclaim arises out of Plaintiffs' claim for an arrest of the M/V ATMOSPHERE and falls under the court's Admiralty and Maritime jurisdiction.

2.

Plaintiff's own pleadings and exhibits establish that Plaintiff was fully aware that its customer, the charterer of the M/V ATMOSPHERE, was not authorized to incur liens on the vessel.

3.

As noted in the Complaint, this action involves a claim by Plaintiff, World Fuel Services Singapore Pte. Ltd. ("WFS") for non-payment of fuel oil or bunkers ordered by Victory Shipping

Pte. Ltd. ("Victory Shipping" or "Charterer"). Neither the vessel nor her owners, Pegasus Bulkers, Inc., had any role in ordering the bunkers.

4.

Based on exhibits attached to the Complaint, it appears that there was an ongoing business relationship between WFS and Victory Shipping.

5.

It further appears that on April 17, 2025, WFS and Victory Shipping began discussing the purchase of the bunkers in question. On that very same day, a representative of Victory Shipping advised WFS that, "we will be sending the usual bunker non-lien thing. To your email ID. You don't have to acknowledge". This was still several weeks before the anticipated supply of the bunkers, which was scheduled for the period of May 7 – 13, 2025. As a sophisticated commercial party in the maritime industry, this correspondence plainly placed WFS on notice that Victory Shipping lacked authority to incur liens against the M/V ATMOSPHERE.

6.

The prohibition against Charterers placing liens on the M/V ATMOSPHERE was fully delineated in an email of April 17, 2025, attached as Exhibit 4 to Plaintiff's Complaint. This was sent nearly one month before the bunkers were actually delivered to the vessel and before the order for the bunkers was completely finalized. This communication fully placed WFS on notice that Victory Shipping did not have authority to bind the vessel.

7.

Nearly one month after receiving this notice, and before the bunkers were delivered, WFS attempted to "reject" the actual notice that Victory Shipping lacked authority to bind the vessel.

8.

WFS' after-the-fact attempt to "reject" the actual notice that it received is legally irrelevant and of no effect. Once WFS received actual notice that Victory Shipping lacked the authority to contract on behalf of the vessel, WFS lost any alleged right under U.S. maritime law to incur or create a lien on the vessel.

9.

The issue is not whether the bunker supplier "accepted" the non-lien provisions but instead it is solely whether it was put on notice that the Charterer did not have authority to place liens on the vessel before the necessaries were delivered to the vessel.

10.

This case has no connection to the United States. The vessel flies the flag of the Marshall Islands and is operated out of Greece. The bunkers were supplied in Singapore through the WFS office in Singapore. Plaintiff asserts U.S. law based on the contract between Plaintiff and Victory Shipping. There is no contract or agreement calling for U.S. law between WFS and counterclaimant, Pegasus Bulkers, Inc. The contract between Plaintiff and Victory Shipping does not and cannot bind Pegasus Bulkers, Inc. and U.S. law is inapplicable to this case.

11.

WFS is a sophisticated commercial maritime operator. As such, it knew, or in the exercise of reasonable care should have known, at the time that it filed this action that it had no maritime lien against the M/V ATMOSPHERE. Indeed, under the specific circumstances present here, no prudent fuel supplier could reasonably believe that it possessed a lien against the M/V ATMOSPHERE.

12.

Notwithstanding that knowledge, WFS wrongfully arrested the M/V ATMOSPHERE, which required the vessel's owners to post security to prevent delays to the vessel and to incur other commercial losses.

13.

Despite its efforts to mitigate losses, Pegasus Bulkers, Inc. incurred fees and expenses in connection with posting security, including the financial costs of providing counter security, and substantial attorneys' fees, which are continuing to accrue.

14.

Pegasus Bulkers, Inc. therefore asserts this counterclaim for wrongful arrest damages against WFS seeking full recovery of all damages, losses, expenses and attorneys' fees incurred in connection with the wrongful arrest.

WHEREFORE, after due proceedings, claimant, Pegasus Bulkers, Inc., prays that its Answer be deemed good and sufficient, and further prays that the Verified Complaint of Plaintiff be dismissed, with prejudice, at Plaintiff's cost. Pegasus Bulkers, Inc. further prays for full relief on its counterclaim and for all other relief which it may be entitled to receive at law, in equity or in admiralty, including but not limited to damages, attorneys' fees and costs for the wrongful arrest of the vessel.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  */s/ Arthur R. Kraatz*
Arthur R. Kraatz (Bar # 35194)
Kevin J. LaVie (Bar# 14125)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534

Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: arthur.kraatz@phelps.com
Email: kevin.lavie@phelps.com

**ATTORNEYS FOR CLAIMANT PEGASUS BULKERS INC.**

- 11 -